FAY v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Term, First Department. June 23, 1915.)

MASTER AND SERVANT ⊕═89—INJURIES TO SERVANT—LIABILITY OF MASTER.

The guard on an elevated train went upon the tracks at the direction of the conductor to assist the motorman to raise the shoe of a disabled car from the third rail. The train was between stations. No precautions were taken to flag on-coming trains, and one struck the guard. *Held*, that the company was liable under the Employers' Liability Act (Consol. Laws, c. 31, §§ 200–204); it not appearing that the guard was guilty of contributory negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 153–156; Dec. Dig. ⊕═89.]

Appeal from City Court of New York, Trial Term.

Action by William Fay against the Interborough Rapid Transit Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed and remanded.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Sol Simmons, of New York City (Thomas E. Courtney, of Cortland, of counsel), for appellant.

James L. Quackenbush, of New York City (B. H. Ames and John Montgomery, both of New York City, of counsel), for respondent.

PAGE, J. Plaintiff was in the employ of the defendant as a guard on the elevated railroad. The train upon which he was employed became disabled through some defect in the electric appliances in the

first car. In order that the motorman could run the train from another motor car, it became necessary to cut off the current from the first car. The conductor ordered the plaintiff to assist the motorman. The motorman and plaintiff descended to the track and were engaged in raising the shoe, which rests upon the third rail, and tying it up, in order that there might be no contact with the third rail, which carries the electric current. In order to do this work it was necessary for the plaintiff to stoop down alongside the train between the tracks upon which his train stood and the track upon which express trains were running. The train stood, not at, but between, stations. No one was detailed, either to warn the plaintiff of an approaching train or signal such train. While engaged in his work an express train passed, and without any warning signal having been given struck plaintiff, inflicting serious injuries.

The action was brought under the Employers' Liabilty Act. At the end of plaintiff's case the court granted defendant's motion to dismiss the complaint. This was manifest error. The plaintiff had proved a prima facie case of injury by reason of the negligence of the defendant, and it did not appear as a matter of law that he was chargeable with contributory negligence.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.